## HACKER v. UNITED STATES.
### No. 188-52.

United States Court of Claims.

Decided Jan. 13, 1953.

Wilbur James Hacker, pro se.

Harry H. Davidson, White Plains, N. Y., and Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

Plaintiff seeks damages for an alleged breach of contract based on the fact that the defendant's agents at Leavenworth penitentiary, while plaintiff was on parole from that institution, delivered custody of plaintiff to the agents of the State of Indiana. He alleges that such delivery was wrongful under the terms of 18 U.S.C. § 4164, which is as follows:

"A prisoner having served the term or terms for which he shall have been sentenced after June 29, 1932, less good time deductions, shall upon release be treated as if released on parole, and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced.

"This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody. (Ch. 645, 62 Stat. 853.)"

From the pleadings it appears that on October 11, 1946 plaintiff was sentenced to five years' imprisonment by the United States District Court for the Northern District of Indiana, and that plaintiff elected to begin that service immediately.

It is further alleged that on October 21, 1946 he was transported by a United States deputy marshal to the Superior Court, Grant County, Indiana, and that that state court imposed on plaintiff a judgment of not less than two nor more than 21 years' imprisonment in the Indiana State Prison; that as a part of the order of the Superior Court of Grant County, Indiana, it was stipulated

"It is ordered that this sentence shall run concurrently and be served by defendant with the sentence imposed in U. S. District Court, Ft. Wayne, Ind., October 11, 1946."

Pursuant to this sentence the plaintiff was returned to Leavenworth. He was notified on November 19, 1946, by the record clerk at Leavenworth that acting upon request of the prosecuting attorney, Marion, Indiana, he had placed a detainer with the sheriff of Leavenworth County, Kansas, directing that custody of plaintiff be given to the Indiana authorities upon his release from his Federal sentence.

It further appears from the pleadings that the plaintiff having accumulated sufficient good time in the Federal prison, a certificate of conditional release was signed on May 19, 1950, and plaintiff was released from Leavenworth into the custody of the agents of Indiana, pursuant to their detainer. A few days prior to the issuance of this certificate of conditional release, it became known to plaintiff that he was about to be released on parole from the Federal prison. He accordingly on May 16, 1950, filed an application for a writ of habeas corpus in the United States District Court at Wichita, Kansas, protesting the impending surrender to the agents of the State of Indiana. This application was denied on May 17, 1950, two days before the certificate of conditional release was signed.

It is alleged by plaintiff that by reason of his alleged unlawful and unconstitutional surrender to the State of Indiana the defendant has breached a contract that the plaintiff claims existed between him and the defendant by virtue of the provisions of 18 U.S.C. § 4164 quoted above.

Plaintiff claims damages at the rate of $10 per day from May 19, 1950, to such time as he shall have been released from the custody of the agents of the State of Indiana and is allowed to return to Oregon as "a parolee or freed prisoner." He claims that the $10 per day represents the loss of wages that he could have earned except for the alleged breach of his contract with the defendant.

Plaintiff alleges that when he was released from his Federal sentence on May 19, 1950, he was entitled to be on parole until October 11, 1951, which was the expiration date of the Federal sentence and that until that time the State of Indiana was not entitled to his custody, since he was still under the jurisdiction of the Federal Government; that the delivery of plaintiff by defendant to the Indiana authorities was illegal and unconstitutional and a breach of the contract based on his certificate as a parolee.

The material facts are undisputed. We are unable to find in the facts as alleged and admitted any basis for holding that there was a breach of a contract either express or implied on the part of the Federal Government. The sentence in the Federal Court was unconditional for a period of five years and was entered on October 11, 1946.

The statute 18 U.S.C. § 4164 is a concession made to prisoners as a reward for good behavior. It is within the discretion of the authorities having charge of such matter. As part and parcel of the statute making this concession, it is provided that "This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody." This is an integral part of the statute which accords prisoners the right to be paroled for a portion of their sentences when their behavior justifies such action. It is not necessary for us to determine whether there would have been a contract but for the saving clause which we have quoted. The promise of parole was subject to the condition named in that clause. Nor is it necessary to pass upon the question, raised in defendant's brief, of whether the United States in the administration of matters of this kind functions in its sovereign capacity.

The provision for the State sentence to run concurrently was action taken by the authorities of the State of Indiana. The question of whether the authorities of that State will recognize the time during which plaintiff was on parole as being his free time, whether it will treat his actual incarceration during the intervening period as equivalent to time beyond the five years of the Federal sentence or whatever time it may allow in its indeterminate sentence for the partial or total period of Federal incarceration is purely within the jurisdiction of that State. It may well be that if the good behavior continues the State officials of Indiana will be lenient in interpreting the length of time which will be credited on the Indiana sentence on account of service under the Federal sentence. That is a matter for the State officials to determine.

If any wrong has been done plaintiff under the facts set out in the pleadings it is in the nature of a tort over which this

court has no jurisdiction. Its jurisdiction is set out in 28 U.S.C. § 1491. Cases sounding in tort are excluded by subdivision 5 of that section.

 The exceptions to the Tort Claims Act, 60 Stat. 842, 28 U.S.C. §§ 1346, 2671 et seq., by the terms of which the defendant gives consent that it be sued in certain tort cases, constitute a limitation on the jurisdiction conferred by that act. The naming of certain exceptions in that act does not serve to confer on this court jurisdiction of the exceptions unless those exceptions are such that the court would have jurisdiction of the subject matter by virtue of 28 U.S.C. § 1491.

Under the allegations in the pleadings there is not spelled out a contract, express or implied, between the plaintiff and the defendant over which this court would have jurisdiction.

Any possible wrongs that plaintiff may have suffered are in the nature of a tort and are not of the type over which jurisdiction has been conferred upon this court.

Defendant's motion is granted, and the plaintiff's petition is dismissed.

HOWELL, MADDEN, WHITAKER and LITTLETON, JJ., concur.

Whitaker and Littleton, JJ., dissented.